**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**ROSARIO PROPERTIES, INC.,**
**Plaintiff,**

**v.**                                                    **CIVIL NO. 04-1684(DRD)**

**PUERTO RICO ELECTRIC POWER**
**AUTHORITY, et al.,**
**Defendants**

### OPINION AND ORDER

Pending before the Court is the Puerto Rico Electric Power Authority's (PREPA) *Motion to Dismiss Pursuant to Rule 12(b)(1)* (Docket No. 9) moving the Court to dismiss plaintiff's claims because allegedly, the instant action is not ripe for adjudication. PREPA avers that plaintiff has failed to exhaust proper inverse condemnation administrative/judicial procedures under local law hence the Court lacks subject matter jurisdiction to entertain the instant claim.  For the reasons stated herein, the Court hereby **DENIES** PREPA's *Motion to Dismiss Pursuant to Rule 12(b)(1)* (Docket No. 9).

### FACTUAL BACKGROUND

Rosario Properties, Inc., (RPI) is a corporation and the owner of two parcels of land located in Loiza, Puerto Rico.  RPI avers that on or about early 2002, without obtaining plaintiff's consent or approval and without any type of notice or due process of law, PREPA constructed a series of high voltage transmission towers and lines which illegally invaded and seized a substantial portion of the land belonging to RPI.  Further, RPI affirms that PREPA's actions violated PREPA's internal procedures  when acquiring an easement on a property.  Moreover, RPI sustains that PREPA failed to obtain the required regulatory permits for the installation of said high voltage transmission towers and lines.  Furthermore, RPI alleges that there are no viable administrative remedies under state law or that it has already exhausted said administrative proceedings.  Finally, RPI sustains that PREPA's actions resulted in a loss of the portion of the parcel of land resulting from the property confiscation and a reduction in the value of the remainder of the property.

Accordingly, plaintiff filed the instant complaint sustaining a violation to its rights under 42 U.S.C. §1983 due to PREPA's action taking physical occupation of its property without due compensation and in violation of the agency's own regulations for the establishment of easements resulting from the installation of the high voltage transmission towers and lines.

### RULE 12(b)(1) STANDARD OF REVIEW

When deciding a Motion to Dismiss, the Court must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plaintiff's favor. Viqueira v. First Bank,140 F.3d 12, 16 (1st Cir. 1998).  To resolve factual disputes bearing upon the existence of jurisdiction, a court may

review the evidence including affidavits and depositions. Once a defendant files a motion contesting the Court's subject matter jurisdiction, pursuant to Federal Rule 12(b)(1), it is plaintiff's burden to establish that the Court has jurisdiction.

Federal Courts are courts of limited jurisdiction. This Court has the responsibility "to police the border of federal jurisdiction". Spielman v. Genzyme Corp, 251 F3d 1 (1st Cir. 2001). The courts must "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases."[1] Del Rosario Ortega v. Star Kist Foods, 213 F.Supp. 2d 84, 88 (D. Puerto Rico 2002) citing Conventry Sewage Association v. Dworking Realty Co., 71 F.3d 1,3 (1st Cir. 1995). Therefore, a party that seeks the jurisdiction of the Federal Courts, has the burden of demonstrating its existence. Murphy v. United States, 45 F.3d 520,522 (1st Cir. 1995). "As a general matter, trial courts should give Rule 12(b)(1) motions precedence." Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

Motions under Rule 12(b)(1) are designed to attack two different types of defects: the pleader's failure to comply with Federal Rule of Civil Procedure 8(a)(1)[2] and the Court's actual lack of subject matter jurisdiction – which may exist despite the formal sufficiency of the allegations in the complaint. 5A JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 1350 (2d ed. 1990). When the grounds for a Rule 12(b)(1) motion is lack of federal question, as is the case at bar, the pleader must show that the counterpart's claim does not fall under the category of federal question and is frivolous. That is, "the party invoking the jurisdiction of the federal court carries the burden of proving its existence." Nater v. Riley, 114 F. Supp.2d 17, 19 (D.P.R. 2000). See Miller v. Hygrade Food Products, Corp., 89 F. Supp. 2d 643 (E.D. Pa. 2000); Smith v. SSA, 54 F. Supp.2d 451(E.D. Pa. 1999); Kronmuller v. West End Fire Co. No.3, 123 F.R.D. 170 (1988). Further, even though the factual allegations of the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is present, when the factual allegations of jurisdiction are attacked by a Motion to Dismiss under Rule 12(b)(1), courts are not limited in their review to the mere allegations contained in the complaint. Thus, "the Court, without conversion [to summary judgment], may consider extrinsic material and, to the extent it engages in jurisdictional fact finding, is free to test the truthfulness of the plaintiff's allegations." See Dynamic Image, 221 F.3d at 37, Halstead v. Motorcycle Safety Foundation, Inc., 71 F. Supp.2d 464, 468 (E.D. Pa. 1999) ("[A]ny evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction, since it is for the Court to resolve all factual disputes involving the existence of jurisdiction."). If, and only when, it appears that the non-moving party will not be able to assert a colorable claim of subject matter jurisdiction, may the motion to dismiss be granted and the complaint dismissed. See Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884 (3d Cir. 1977).

---

[1] The Court is aware that the instant case is not in diversity but one based on federal question. However, the principle set forth is the same, the Court must respect the limits set by Congress to our jurisdiction.

[2] Failure to comply with Rule 8(a)(1) occurs when the allegations in the complaint are insufficient to show that the federal court has jurisdiction over the subject mater of the case. That is, the complaint is in fact defective and must be dismissed regardless of the actual existence of subject matter jurisdiction unless said deficiency is cured. See Sierra Club v. Shell Oil Co., 817 F.2d 1169 (5th Cir. 1987).

## LEGAL ANALYSIS

The Court has thoroughly examined plaintiff's allegations to the instant complaint and notices that damages are sought by plaintiff as remedy to PREPA's alleged unlawful actions. At the outset, an examination of the complaint avers that PREPA installed high voltage tower and transmission lines on plaintiff's property in violation of plaintiff's constitutional rights. Plaintiff sustains that PREPA's installation was in open violation of its own internal procedures and without providing plaintiff any type of notice that an easement was to be constituted or due process afforded to challenge said action. However, it should be noticed that plaintiff, amongst other remedies, seeks monetary damages as a remedy to PREPA's violations of its own rules and consequently for PREPA's procedural due process violation. Nowhere does the complaint allege that said damages are sought as a compensation for inverse condemnation. The thrust of the remedy is to eliminate the easement because defendant's failure to follow its own procedures. (*See* Docket No. 3, Amended Complaint, ¶11 (relief claimed)).

PREPA requests the dismissal of the instant complaint sustaining that the Court lacks subject matter jurisdiction because the instant claim is not ripe for adjudication because plaintiff seeks remedies without having exhausted local state judicial/administrative remedies for an inverse condemnation procedure.

It is known that usually, civil rights claims pursuant to Title VII violations require a claimant to exhaust administrative remedies prior to the filing of a complaint and its failure to exhaust warrants the dismissal of the complaint. (*See* Bonilla v. Muebles J.J. Alvarez, 194 F.3d 275 (1st Cir. 1999); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Notwithstanding, civil rights claims under §1983 filed in federal court should not be dismissed because movant has failed to previously exhaust local administrative and/or judicial remedies, Patsy v. Board of Regents, 457 U.S. 496, 503 (1982), because "the federal remedy is supplementary to the state remedy, and the latter need not to be first sought and refused before the federal one is invoked". Monroe v. Pape. 365 U.S. 167, 183 (1961).

As stated previously, the Court must examine plaintiff's claims and indulge all reasonable inferences in plaintiff's favor hence all well-pleaded factual claims must accept as true . Viqueira v. First Bank,140 F.3d at 16. Further, plaintiff carries the burden to establish the jurisdiction of the Court once said jurisdiction has been challenged by a defendant. Nater v. Riley, 114 F. Supp.2d at 19. The undersigned deems that plaintiff has met its burden showing that the Court has jurisdiction to entertain the instant claim. The Court explains.

Plaintiff in its opposition to dismissal has attached the description of the procedure to be followed when an easement is to be constituted. Nowhere in its motion to dismiss nor in its reply, defendants have asserted that PREPA followed proper procedures for the installation of the high voltage transmission towers and lines on plaintiff's property. To the contrary, PREPA has moved to sustain that it was plaintiff the party who failed to follow proper proceedings to challenge the former actions. So, in summary, PREPA moves the Court to rule upon this matter making a balancing or weighing of evidence (allegations) as proffered by each party. Thus, the Court is precluded from dismissing the complaint at this stage of the proceedings for lack of subject matter jurisdiction since an examination of the factual allegations plead show that the Court is facing a

colorable federal claim.  Further, the standard of review at this stage of the proceedings imposes on the Court the duty to examine the allegations of the complaint and deny the motion for dismissal only when, it appears that the non-moving party will not be able to assert a colorable claim of subject matter jurisdiction.  The Court may not dismiss unless it finds that the complaint fails to have sufficient facts justifying a federal claim of subject matter jurisdiction.  Mortensen v. First Federal Savings and Loan Association, *supra*.

Because plaintiff is essentially alleging that "its two parcels of land were the subject of an illegal easement [placed] by the defendants for the purpose of a series of high voltage transmission towers and lines through the subject property of [plaintiff] without any effort to follow their own directives, seek consent or provide any notice to plaintiff [in violation] ... to their own procedures and failed to obtain any permits in connection with [the] imposing of the easement on plaintiff's land. *See* Amended Complaint ¶¶ 6-8".  (Quoting, *Plaintiff's Opposition to Motion to Dismiss for Lack of Jurisdiction*, Docket No. 13, ¶2).  The Court understands that the complaint is not seeking damages for the reverse condemnation under Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172 (1985), but requesting that proper procedures be followed and damages be awarded for PREPA's failure to guarantee RPI's rights under the Due Process Clause of the Constitution of the United States.[3]

## CONCLUSIONS

For the reasons stated hereinbefore, the Court hereby **DENIES** Puerto Rico Electric Power Authority's (PREPA) *Motion to Dismiss Pursuant to Rule 12(b)(1)* (Docket No. 9).  Defendants may resubmit its request for dismissal under a motion for summary judgment standard if appropriate following discovery.  Further, the Court **NOTES** co-defendant Hector Rosario, appearing in his personal capacity's motion joining PREPA's motion to dismiss (Docket No. 22).  Finally, the co-defendants are **GRANTED twenty (20) calendar days** to commence counting from the day of issuance of this Opinion and Order to file their Answers to the Complaint.  Should co-defendants fail to meet the deadline provided by the Court, plaintiff shall move **FORTHWITH** for Entry of Default.  **Co-defendants are forewarned that any request for an extension of time to file their Answer to the Complaint shall be SUMMARILY DENIED.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 27th day of September 2005.

S/DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[3] The Court is aware that should this case be merely a reverse condemnation case, the plaintiff is required to exhaust state remedies pursuant to the Williamson County doctrine as interpreted by the Court of Appeals at Culebra Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 515 (1st Cir. 1987).  However, the plaintiff is not seeking damages for condemnation.