IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ROSARIO PROPERTIES, INC.,**
**Plaintiff,**

v.                                                                                            **CIVIL NO. 04-1684(DRD)**

**PUERTO RICO ELECTRIC POWER**
**AUTHORITY, et al.,**
**Defendants**

### AMENDED ORDER OF DISMISSAL

Pending before the Court is defendants' Puerto Rico Electric Power Authority (PREPA) *Motion to Dismiss for Failure to Comply With Court's Order and Lack of Prosecution* (Docket No. 53) moving the Court to dismiss the instant complaint for plaintiff's failure to comply with the Court's Order providing a deadline to appear with a new legal representative. For the reasons stated herein, the Court hereby **GRANTS** defendants' Puerto Rico Electric Power Authority (PREPA) *Motion to Dismiss for Failure to Comply With Court's Order and Lack of Prosecution* (Docket No. 53).

On May 31, 2006, the Court issued an Order addressed to plaintiff wherein a final opportunity to appear before this Court with a counsel duly admitted to this Bar was granted (Docket No. 50). Plaintiff was provided until June 15, 2006, to make its appearance. The deadline has elapsed and plaintiff has failed to appear with a new legal representative hence has failed to comply with the Court's order. The record show that counsel Juan R. Gonzalez-Muñoz duly and timely provided notice to plaintiff advising the term provided by the Court and the fate to be faced should plaintiff fail to comply with said Court Order (Docket No. 51). Prior thereto two counsel had resigned from representing plaintiff.

A district court is vested with the authority to command from the litigants to strictly adhere to the deadlines provided in a Scheduling Order. Hence, failure to comply with the Scheduling Order allows the court to choose from a vast range of sanctions to be imposed on the noncomplying party. *Tower Ventures, Inc., v. City of Westfield*, 296 F.3d 43, 46(1st Cir. 2002). The Court of Appeals for the First Circuit has reiterated numerous times that: "[i]n an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation". *O'Connel v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004)(citing *Tower Ventures, Inc. v. Westfield*, 296 F.3d at 45). Further, Rule 16(b), Fed.R.Civ.P., provides the courts with tools to manage its docket. *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998). Hence, the litigant parties shall not be permitted to treat a scheduling order as a piece of paper which can be disregarded without peril nor treated nonchalantly. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

[I]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a

Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991)(citations omitted). Those inherent powers to sanction parties for litigation abuses include the power to "act *sua sponte* to dismiss a suit for failure to prosecute." *Id.*, at 44. Further, in this circuit: "[d]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." *Damiani v. Rhode Island Hospital*, 704 F.2d 12, 17 (1st Cir. 1983).

In the case at bar, plaintiffs have **failed to appear with a new legal representative within the given deadline provided by the Court. Neither plaintiff has move for a Pro-Se appearance informing the Court the reasons for its failure**. The Court finds this is inexcusable. Plaintiffs must be reminded that "[p]rejudice to the court is inherent in needless delays and postponements." *Chuang Invs. v. Eagle Inns, Inc.*, 81 F.3d 13, 14 (1st Cir. 1996). Consequently, this Court holds that **plaintiffs' failure to appear within the deadline provided signals lack of interest and, buttresses the Court's conclusion that dismissal of this case is appropriate**. See, *Id.* . The Court, moreover, has no "obligation to play nursemaid to indifferent parties." *Pinto v. Universidad de Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990). **Plaintiffs have knocked themselves out** by repeatedly failing to comply with the Court's Orders.[1] The Court finds that not only have they failed to be **reasonably** diligent, they have **not been diligent at all**.

The Supreme Court has made it clear that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2780, 2781 (1976). Therefore, the Court finds that plaintiffs' failure to appear with a new legal representative nor to appear in Pro-Se fashion within the deadline provided signals its lack of interest in prosecuting their case anymore. Therefore, dismissal is firmly founded in this case in view of plaintiff's disregard of the Court's orders and its inexcusable behavior failing to show interest in prosecuting her claims.

It is well known that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure. Further, the Court is fully aware that dismissal with prejudice is the death knell of the lawsuit and that the court is vested with the power to dismiss a case with prejudice. However, although plaintiff has repeatedly show a pattern of noncompliance with this Court's order in addition to show a lack of diligence prosecuting its claims, dismissal with prejudice is not warranted at this stage of the proceedings. See, *Damiani v. Rhode Island Hospital*, 704 F.2d at 15-16. In sum, Plaintiff has shown a lack of interest vindicating whatever rights she may have. *Zavala Santiago*

---

[1] The Court notes that on April 12, 2006, the Court granted plaintiff until May 15, 2006, to appear with new legal representative and that the Status Conference set for June 1, 2006 was not to be continued (Docket No. 41). Due to a failed potential appearance by counsel Juan R. Gonzalez-Muñoz (Docket Nos. 45 & 46) the Court provided plaintiff until May 26, 2006, to appear with legal representation (Docket No. 47). The Court's Order forewarned plaintiff that this was the last extension of time granted for purposes of counsel's appearance and that any further extension of time to appear with counsel was to be summarily denied. Due to counsel Gonzalez-Muñoz inadvertent error, said order was untimely delivered to plaintiff impeding the appearance by counsel within the deadline provided thus, the Court granted the June 15, 2006 deadline. This deadline was notified to the party (Docket No. 51).

*v. Gonzalez Rivera*, 553 F.2d 710, 713 (1st Cir. 1977).

  Plaintiff's complaint should be dismissed for her obvious lack of prosecution. Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE provides, *inter alia,* that a Defendant may move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of court." "The effective administration of justice requires that trial court possess the capability to manage their own affairs." *Chamorro v. Puerto Rican Cars*, 304 F.3d 1, 6 (1st Cir., 2002) citing *Chambers v. NASCO, Inc.*, 501 U.S. at 43. "[T]he inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders is reinforced and augmented by Rule 41(b)." *Chamorro v. Puerto Rican Cars*, 304 F.3d at 4. In sum, the Court has the authority to dismiss an action with prejudice due to plaintiff's failure to diligently prosecute. *Pomales v. Celulares Telefónica*, 342 F.3d 44 (1st Cir. 2003).

  The Court has showed considerable patience in this case and has provided warnings and a second chance which plaintiff has disdained. Simply expressed, there is no reasonable excuse for plaintiff's lack of prosecution. Finally, notwithstanding the leniency showed by the Court, plaintiff has failed to react. There is no other sanction available for plaintiff's own inactivity and its lack of interest in vindicating her rights. In the instant case there is no other lesser sanctions available and appropriate. Estate of Solis-Rivera v. United States, 993 F.2d 1, 2 (1st Cir.1993).

  Therefore, for the reasons stated herein, the Court hereby **GRANTS** defendants' Puerto Rico Electric Power Authority (PREPA) *Motion to Dismiss for Failure to Comply With Court's Order and Lack of Prosecution* (Docket No. 53) and **DISMISSES** plaintiff's claims against all Defendants **WITHOUT PREJUDICE** for plaintiff's failure to comply with the Court's Orders and for its failure to prosecute its claims diligently.[2] **Judgment shall be issued accordingly. THIS CASE IS CLOSED FOR ALL STATISTICAL PURPOSES.** The Clerk of Court is **INSTRUCTED** to provide notice of this Order to plaintiff to the following electronic mail address lillybeth@mycingular.blackberry.net.

  **IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 21st day of June 2006.

                 **S/DANIEL R. DOMINGUEZ**
                 **DANIEL R. DOMINGUEZ**
                 **U.S. DISTRICT JUDGE**

---

[2] **The Court originally stated at the ISC that the complaint was imbued with a potential serious statute of limitations issue and that counsel should thoroughly review the matter. Plaintiff's counsel subsequently resigned and a second counsel refused to handle the case. Now, the Docket Sheet reveals that a third counsel has filed a belated Notice of Appearance at Docket No. 56, however, the Court deems said appearance untimely. Moreover, counsel for the defendants have filed a *Motion to Strike Statements Made by Plaintiff's Attorneys in the Notice of Appearance* (Docket No. 58). The defendant's motion to strike is noted but the matter has been resolved, plaintiff's appearance is deemed untimely. Finally, the Court strongly urges counsel prior to re-filing to perform thorough review of the facts, the law, and any potential tolling of the statute of limitations .**